IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANNON FERRARI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-cv-49-MEF |
| | ) |
| E-RATE CONSULTING SERVICES, | ) |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion for Default Judgment, (Doc. # 27), filed on June 28, 2010, and Plaintiff's Application for Award of Fees and Costs, (Doc. # 39), filed on November 8, 2010. As set forth in this Memorandum Opinion and Order, the Court finds that the Motion for Default Judgment, (Doc. # 27), is due to be GRANTED. Further, the Court finds that Plaintiff is entitled to an award of costs and attorneys' fees, but not in the amount requested in their submissions. Therefore, Plaintiff's Application for Award of Attorneys' Fees and Costs is due to be GRANTED in part and DENIED in part.

### **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action was brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, alleging sexual harassment, constructive discharge, and retaliation, as well as several state-law claims.[1] In addition to

---

[1] The state-law claims were dismissed in this Court's Memorandum Opinion and Order, (Doc. # 16), filed on September 17, 2009, granting in part Defendants' motions to dismiss.

seeking various categories of damages and equitable relief, Plaintiff sought an award of attorneys' fees in the Complaint. (Doc. # 1, at 10). On July 16, 2010, Plaintiff filed an Application to Clerk for Entry of Default, (Doc. # 25), and the Clerk's Entry of Default, (Doc. # 26), was entered on July 27, 2010. The following day, June 28, 2010, Plaintiff filed her Motion for Default Judgment, (Doc. # 27). This Court held a hearing on damages on October 22, 2010. Plaintiff filed her Application for Award of Fees and Costs, (Doc. # 39), on November 8, 2010, and her Bill of Costs, (Doc. # 43), on March 28, 2011.

## DISCUSSION

### I. Motion for Default Judgment

In accordance with the prior proceedings and orders of the Court and upon consideration of the testimony and evidence presented at the October 22, 2010 hearing on damages and the record as a whole, this Court finds Plaintiff's Motion for Default Judgment, (Doc. # 27), is due to be GRANTED.

### II. Attorneys' Fees and Costs

Plaintiff's counsel seek attorneys fees and incurred to date in the amount of $9,597.50.[2] Two attorneys have represented Plaintiff in this matter: Jay Lewis ("Lewis") from Lewis, Bush & Faulk, LLC and E. Peyton Faulk ("Faulk") from Bush & Faulk, PLLC. Counsel for Plaintiff would have this Court award the following fees incurred to

---

[2] Title VII provides, in pertinent part, that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." 42 U.S.C. 2000e-5(k).

date:

| Attorney | Hours | Rates | Subtotals |
|---|---|---|---|
| Lewis | 26.83 | $250.00 | $6707.50 |
| Faulk | 14.45 | $200.00 | $2890.00 |
| Subtotal | | | $9,597.50 |

Counsel for Plaintiff have submitted declarations by Lewis and attorney Jeffery C. Duffey ("Duffey") to the Court in support of the award of such attorneys' fees as well as an invoice which individually breaks down, for each person, how long each task for this matter took to perform. Plaintiff also seeks expenses incurred for a filing fee ($350.00). The Court agrees that as prevailing parties, Plaintiff is entitled to some amount as an award for attorneys' fees and expenses; however, the Court disagrees that the entire amount claimed is an appropriate sum in this case.

   A. Attorneys' Fees

The starting point in setting any fee award for an attorney is determining the "lodestar" figure; the lodestar is: the product of the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community. *Norman v. Housing Auth. of Montgomery,* 836 F.3d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303. To satisfy this burden, the fee applicant is required to submit to the court: (1) specific and detailed evidence from which it can determine the reasonable hourly rate for the

community and (2) records evidencing time spent on different claims and setting out with sufficient particularity the general subject matter of the time expenditures so that the court can assess the time claimed for each activity. *ACLU of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). "A well-prepared fee petition also would include a summary, grouping time entries by nature of the activity or state of the case." *Id.*

After calculating the lodestar fee, the Court next analyzes whether any portion of this fee should be adjusted upwards or downwards. *See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565-66 (1986). Twelve factors guide the court as it makes this determination. *See, e.g., Blanchard v. Bergeron,* 489 U.S. 87, 91-92 (1989); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).[3] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

### *i.* **Reasonable Hourly Rates**

This Court must determine whether the hourly rates Plaintiff seeks are reasonable.

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.* Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony given that a fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman,* 836 F.3d at 1299 (internal citations omitted; emphasis added). Such evidence can be submitted in the form of affidavits from counsel who have performed this type of work. *Id.* at 1298. Moreover, the evidence should address actual fees charged and paid in similar circumstances, and conclusory opinion testimony that a certain rate is reasonable is unsatisfactory. *Id.* The weight to be given to the evidence may be affected by the detail provided in support of the evidence and the experience of the expert called upon to provide information about market rates in the relevant legal community. *Id.* The relevant legal community is the place where the case is filed, here Montgomery, Alabama. *Cullens v. Georgia Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994).

Some of the *Johnson* factors have utility in establishing the reasonable hourly rate. *Id.* The *Johnson* factors most obviously relevant to the determination the reasonable hourly rate are: customary fee; skills required to perform the legal services properly; experience, reputation, and ability of attorneys; time limitations; preclusion of other

employment; undesirability of the case; nature and length of professional relationship with the clients; fixed or contingent fee arrangement; and awards in similar cases.

Plaintiff's attorneys seek the following hourly rates: $250.00/hour for Lewis and $200.00 for Faulk. To the extent that it was possible, given the submissions by Plaintiff's counsel, this Court has considered: the customary fee charged by Lewis and Faulk; the skills required to perform the legal services properly; the experience, reputation, and ability of attorneys; the time limitations; the degree to which this case precluded counsel from undertaking other employment; the undesirability of the case; the nature and length of professional relationship with the clients; the fact that the case was undertaken on contingent fee arrangement; and awards in similar cases. Based on the Court's experience with the relevant market of Montgomery, Alabama, and with similar employment discrimination cases, the Court finds that the relevant factors would support an hourly rate of $200.00/hour for Lewis and $150.00/hour for Faulk.

### ii. Reasonable Hours

Having determined a reasonable hourly rate for the services provided in this case, the Court now must address the number of hours reasonably expended on the matter. Defendant has not challenged any of the hours Plaintiff's counsel have claimed they reasonably expended on this matter. A court analyzing the hours claimed as reasonably expended on a matter in circumstances may make adjustments to the hours claimed by a fee applicant. *Norman,* 836 F.3d at 201-02. A fee applicant should exercise "billing judgment," that is, the applicant should "exclude from his fee applications 'excessive,

redundant, or otherwise unnecessary [hours],' which are hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel.'" *ACLU,* 168 F.3d at 428. In addition to exercising this billing judgment, a fee applicant may submit evidence from other practitioners on the issue of whether activities for which the fee applicant seeks recompense are necessary to the litigation. *Norman,* 836 F.2d at 201. It is not helpful for a fee applicant to rely on generalized statements that time spent was reasonable. *Id.* "When reviewing an application for attorney's fees, the court may appropriately consider whether the work performed was legal work in the strict sense or was merely clerical work that happened to be performed by a lawyer." *Miller,* 117 F. Supp. 2d at 1261 (internal citations and quotations omitted.) The Court may deduct time entries for clerical work performed by attorney as excessive. *Id.*

The Court finds that a small portion of the hours claimed were "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. For example, on several occasions, Lewis charged billed 0.2 hours for receiving and reading one or two page documents. On January 21, 2009, he billed 0.2 hours for receiving by hand $50.00 of the filing fee. On June 8, 2009, he billed 0.2 hours for receiving and reading an order that defendants file public record documents. Similarly, Faulk billed 0.5 hours for drafting and filing a two-page motion for continuance on 9/27/10. These and other hourly billings are excessive and unnecessary.

In assessing the reasonableness of the hours claimed by Plaintiff's counsel, the

Court must also consider the amount of effort expended and the overall success achieved. In so doing the Court considers three of the twelve *Johnson* factors: time and labor required, novelty and difficulty of the case, and the amount involved and the result obtained. Plaintiff's counsel achieved success in this case only on some of Plaintiff's claims, and the Court does not deem this case to have been a difficult one.

The tables below summarize the Court's calculation of reasonable hours for each attorney:

| Attorney | Number of hours requested | Deduction of unreasonable or excessive hours | Reasonable hours |
| --- | --- | --- | --- |
| Lewis | 26.83 | -2.38 | 24.45 |
| Faulk | 14.45 | -3.35 | 10.10 |

Having determined the reasonable hours expended and the applicable hourly rate, the Court will next calculate the lodestar and make any appropriate adjustments.

### *iii.* Calculation of and Adjustments to the Lodestar

After the Court calculates the reasonable hourly rate for a case and the number of hours reasonably expended, the Court calculates the lodestar by multiplying the reasonably hourly rate by the number of hours reasonably expended. *Norman,* 836 F.2d at 1302. Thus, in this case, the lodestar awards are as follows: $4,590.00 to Lewis and $1,515.00 to Faulk. After performing this calculation to ascertain the lodestar, the Court then considers

the necessity of an adjustment to the lodestar for results obtained. *Id.*

> If the result was excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make a reduction based on a simple ratio of successful issues to issues raised.

*Norman*, 836 F.2d at 1302. This Court finds that the lodestar calculation is not excessive and that there are no grounds to reduce it.

**II. Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States...costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). However, in assessing costs a court may not go beyond those items specifically enumerated in 28 U.S.C. § 1920, which the Supreme Court has interpreted as defining the term "costs" for the purposes of Rule 54(d). *See Crawford Fitting Co v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-442 (1987). The items of costs which may properly be awarded pursuant to Section 1920 are:

> (1) Fees of the clerk and marshal;(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily

>obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (1991). Without question, 28 U.S.C. § 1920(5) authorizes this Court to tax the filing fee paid to the Clerk of the Court to docket this case as costs. Consequently, Plaintiff may recover $350.00 for the filing fee she paid to initiate this action.

## CONCLUSION

Accordingly, it is hereby ORDERED as follows:

(1) Plaintiff's Motion for Default Judgment, (Doc. # 27), is GRANTED;

(2) Plaintiff's Application for Award of Fees and Costs, (Doc. # 39), is GRANTED in part and DENIED in part as set forth in this Memorandum Opinion and Order.

(2) Plaintiff shall recover from Defendants the sum of $6,105.00 in attorneys' fees and $350.00 in costs, for a total of $6,455.00 for which execution may issue.

(3) A separate final judgment pursuant to Rules 55 and 58 of the Federal Rules of Civil Procedure will be entered on this award.

DONE this 30th day of March, 2011.

                                            /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE